### Industrial Commission of Colorado, et al. *v.* Kenneth R. Vancil.

## No. 17,818.

### Industrial Commission of Colorado, et al. *v.* Kenneth R. Vancil.
(293 P. [2d] 641)

Decided February 14, 1956.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for plaintiff in error Industrial Commission of Colorado.

Mr. THOMAS E. McCARTHY, for defendant in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the Court.

THIS review is upon writs of error in two cases arising from the same transaction or occurrence, which, by stipulation of counsel, were consolidated for hearing in this Court. No. 17,817 concerns the claims of Dale Goebel before the Industrial Commission of Colorado, and 17,818 the claim of Willard R. Herberg. The Commission made awards on both claims which the district court by its orders and judgments set aside.

The pertinent facts are brief and without conflict or dispute. Defendant in error Vancil was the owner of three trucks which he leased to others under various types of rental contracts and as opportunity arose. He maintained no office, garage or place of business of his own, and with the exception of the one instance next related, operated none of said trucks for his personal use. In November, 1954, he procured a small amount of lumber at Antonito, Colorado, and employed Goebel to drive one of his trucks in hauling the lumber from Antonito to Denver. This operation required only a few trips and was concluded by December 1, 1954. At that time Vancil leased that particular truck to one Kersten who was then interested in and operating a business known as Nation-Wide-Drive-Aways Company, the principal business of which was automobile transport service. At the time of the leasing of said truck to Kersten, at Vancil's suggestion to both Kersten and Goebel, Kersten employed Goebel to drive said truck for Nation-Wide-Drive-Aways Company. As compensation for the use of the truck Vancil was to receive a stipulated price per loaded mile, no accounting being taken of mileage while the truck was being driven unloaded. This price included the furnishing of maintenance, gasoline and oil by Vancil.

On April 7, 1955, while returning to Denver from a trip to Grand Junction where he had delivered a truckload of automobiles by and at the direction of Nation-Wide-Drive-Aways Company, Goebel fell asleep at the wheel of the truck and went into a ditch, resulting in the injury to himself and to Herberg, who on that trip had accompanied Goebel for the first time and who at the time of the accident was reposing in the sleeper. There is some question in the record as to who, if anyone, employed Herberg, but considering the manner in which the Commission determined the facts and disposed of the claims this issue is unimportant.

The referee, following hearing on both claims, entered his findings with respect thereto. Concerning the claim of Goebel the referee found that he first was employed by Vancil to haul lumber from Antonito to Denver on a truck owned by Vancil, "subsequently Vancil leased the truck to Nation-Wide-Drive-Aways Company, and thereafter claimant became the employee of the latter." The referee then quotes section 49 of the Workman's Compensation Act, C.S.A. 1953, 81-9-1, and proceeds as follows:

"The referee, therefore, concludes that claimant, by operation of law, was the employee of Kenneth R. Vancil."

With respect to the claim of Herberg the referee found that Vancil owned the truck, leased it to Nation-Wide-Drive-Aways Company, "which in turn employed Dale Goebel as driver * * *. The referee concludes that claimant was constructively an employee of respondent, Nation-Wide-Drive-Aways." Again section 49 of the Workman's Compensation Act is quoted by the referee followed by his conclusion as follows:

"The referee, therefore, concludes that, by operation of law, claimant was an employee of Kenneth R. Vancil."

Findings of the referee were adopted as the findings of the Commission and following petition for review the Commission confirmed the awards. Action was then

filed in the district court, where, following hearing, that court concluded that the findings and awards were without foundation in law, and entered judgments ordering the same to be vacated.

There is but one question involved in both of these cases, that being whether Vancil can upon any theory be held to come under the provisions of C.R.S. 1953, 81-9-1, referred to in the referee's findings as section 49, Workman's Compensation Act. On behalf of plaintiffs in error it is argued that Vancil was engaged in the business of leasing trucks for hire and that being his business he comes within the provisions of the statute. The pertinent provisions of the statute are as follows:

"Any person, company or corporation *operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof* to any lessee, sublessee, contractor or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be and be an employer as defined in this chapter, and shall be liable as provided in this chapter to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors and subcontractors and their employees, and such employer as in this section defined, before commencing said work, shall insure and shall keep insured his liability as herein provided and such lessee, sublessee, contractor or subcontractor as well as any employee of such lessee, sublessee, contractor or subcontractor shall be deemed employees as defined in this chapter. * * *" (Emphasis supplied.)

We must bear in mind that the Commission specifically found and held that Goebel was an employee of Nation-Wide-Drive-Aways Company; that Herberg was "constructively" an employee of the same company; and that pursuant to the terms of the statute both claimants were by operation of law employees of Vancil. If both claimants were employees of the Nation-Wide-Drive-Aways Company they cannot also be employees

of Vancil pursuant to the provisions of the statute or otherwise unless Vancil had a definite interest in the operation and business of Nation-Wide-Drive-Aways Company. There is no evidence in the record to this effect, and it is not contended that Vancil owned any interest in Nation-Wide-Drive-Aways Company. That concern was engaged exclusively in transportation by truck and the only relationship existing between it and Vancil at the time was that it leased one of Vancil's trucks.

■ Thousands of automotive vehicles and trailers are leased by the owners to others who operate them in all kinds of businesses, and under varying conditions and rental contracts. This business includes not only automotive and transportation equipment but also many types of heavy machinery and numerous other articles in both general and special common use. Surely it cannot reasonably be contended that the owner of such equipment upon leasing or renting it to another becomes, by operation of law, the employer of the employees of the user of such machine. The statute involved is limited in application to that person, company, or corporation which conducts his or its *own* business by *leasing or contracting out* any part or all of his or its work. He who conducts his own business in such manner, by operation of law becomes the employer of those engaged in the conduct of that business; but one who leases equipment to another that it may be used only in that others business, in which the lessor has no interest, is not an employer under the statute. *Bukowich v. Ford Motor Co.*, 99 Colo. 56, 60, 61, 59 P. (2d) 470.

■ Instances where liability has been imposed by operation of law under the statute arise only in those cases where it has been clearly shown the company or person charged has actually been conducting its own business through some system of leasing or contracting. Typical of such instances is *Continental Oil Co. v. Sirhall*, 122 Colo. 332, 222 P. (2d) 612.

The judgments of the trial court are affirmed with direction that said court remand said cases to the Industrial Commission with direction to vacate and set aside the awards of both claimants.